PER CURIAM.
The judgment of the lower tribunal that appellants are liable for assessments by the Springs Community Association, Inc. on unbuilt units is affirmed. However, we reverse the trial court’s assessment of interest on the unpaid assessments at the rate of 18 percent per annum simple interest. By the twentieth amendment to the Master Declaration of the Association, enacted on August 26, 1983:
If the assessment is not paid within thirty (30) days after the delinquency date, the assessment shall bear interest from the date of delinquency compounded at the rate of eighteen percent (18%) per annum....
The law is clear that, where a creditor purports to create a contractual right to charge a rate of interest higher than the equivalent of 18 percent per annum simple interest on any obligation, the penalty is forfeiture of the “entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be en-forced_” The trial court had no authority to award 18 percent simple interest.[1]
AFFIRMED in part; REVERSED in part and REMANDED for entry of amended final judgment consistent with this opinion.
COWART, J., and ORFINGER, M., Associate Judge, concur.
GRIFFIN, J., concurs, and concurs specially with opinion.

. Appellants have also raised criminal usury, although this defense to the payment of the assessment was not pleaded. We have concluded that the appellant’s claim for criminal usury is procedurally defective as well as both legally and factually inapplicable in the present case.